972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwight Emmett McGUNNIGLE, Petitioner-Appellant,
v.
William CALLAHAN, Respondent-Appellee.
 No. 91-36178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwight Emmett McGunnigle, a Washington state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second degree murder. McGunnigle contends that the district court erred by finding that the trial court's erroneous jury instructions on felony murder did not deny him due process. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the denial of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). To prevail on a claim of improper jury instructions, the petitioner must show that the instructions violated state law and that they rendered the trial fundamentally unfair. Taylor v. Kincheloe, 920 F.2d 599, 609 (9th Cir.1990); see Hart v. Stagner, 935 F.2d 1007, 1010 (9th Cir.1991) (constitutionally defective instruction that relieves prosecution of burden of proving mens rea can be harmless error). Where, as here, there is no objection to the jury instructions at trial, the petitioner's burden of establishing a due process violation is particularly heavy. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 4
 McGunnigle was charged with the second degree murder of his wife, who was shot in the head during a struggle, on alternative theories of intentional murder and felony murder during an assault. The jury returned a guilty verdict but did not specify which theory it had used.
 
 
 5
 McGunnigle contends that jury instructions 8 and 11 violated due process because, in contradiction with instruction 14, they erroneously stated that lack of excuse was an element of intentional murder but did not state that lack of excuse also was an element of felony murder. This error was harmless because under instruction 11, to find McGunnigle guilty of felony murder, the jury was required to find him guilty of second degree assault. Under instructions 9 and 18, to find McGunnigle guilty of second degree assault, the jury was required to find that he either intended to inflict bodily injury or acted knowingly. Instruction 14 defined excusable homicide as homicide "committed by accident or misfortune in doing any lawful act by unlawful means, without criminal negligence, or without any unlawful intent." Thus, if the jury found that McGunnigle committed assault, instruction 14 precluded a finding of excusable homicide. See Hart, 935 F.2d at 1010; Taylor, 920 F.2d at 609.
 
 
 6
 McGunnigle also contends that instruction 18, the general assault instruction, violated due process because it erroneously omitted the element of unlawful force. This contention lacks merit because instruction 9 more specifically stated that "[a] person commits the crime of assault in the second degree when he or she knowingly assaults another with a weapon or instrument or thing likely to produce bodily harm." Thus, because there is no dispute that McGunnigle's wife was killed with the gun, if the jury found McGunnigle of second degree assault, it found that he used the gun, which would have constituted unlawful force. See Hart, 935 F.2d at 1010; Taylor, 920 F.2d at 609.
 
 
 7
 Finally, McGunnigle contends that instruction 18 violated due process because it erroneously defined assault as an act that knowingly, rather than intentionally, creates a reasonable apprehension and fear of bodily injury. Instruction 19 stated that "[a] person knows or acts knowingly or with knowledge when he or she is aware of a fact, facts or circumstances or result described by law as being a crime." The error in instruction 18 was harmless because the trial evidence included McGunnigle's statement to the police that he had cocked the gun and had struggled with his wife, and McGunnigle's testimony that he could not remember the shooting. The defense argued that McGunnigle was the victim of an assault by his wife, and that the gun fired during a struggle in which he was trying to defend himself. Accordingly, the distinction between knowing and intentional acts was not relevant. See Hart, 935 F.2d at 1010; Taylor, 920 F.2d at 609.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3